UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALONDA T.,

                Plaintiff,                  Case No. 1:26-cv-1

        v.                          JUDGE DOUGLAS R. COLE
                                        Magistrate Judge Vascura

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

## ORDER

This cause comes before the Court on the joint motion of the parties to reverse the Commissioner's decision and remand the matter to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g) ("Sentence Four"). (*See* Doc. 8). For good cause shown, the Court **GRANTS** the parties' Joint Motion, **REVERSES** the Commissioner's decision, and **REMANDS** the matter, pursuant to Sentence Four. Upon remand, the Appeals Council will vacate the Administrative Law Judge's decision, take any further action necessary to complete the administrative record, hold a hearing, and issue a new decision.[1]

---

[1] In *Follen v. Commissioner of Social Security*, the Sixth Circuit recently held that in granting a remand under Sentence Four of Section 205, the court must "identify[] a merits defect in the ALJ's analysis" and "explain its reasoning in reference to the statute, the ALJ's decision, and any evidentiary defects it might see in the record." 167 F.4th 352, 358 (6th Cir. 2026). The Court concludes, however, that, in the context here, *Follen* does not require any explanation beyond that set forth above. In *Follen* itself, unlike here, the claimant asserted an immediate right to benefits. *Id.* at 355. That is, the claimant agreed to a remand there only for the limited purpose of awarding benefits (which was different from the purpose for which defendant sought remand). *Id.* Under *Follen*, when the court rejects such a request,

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

May 27, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

and instead elects to remand on Sentence Four grounds for further proceedings, the court must explain in some detail why the claimant is not immediately entitled to benefits. *Id.* at 358. But where both parties agree, like here, that an error occurred, the court can simply reverse the judgment and allow the Commissioner another crack at the matter without specifying what that defect is beyond a general statement of the evidence the Administrative Law Judge should consider on remand and the additional steps the Administrative Law Judge should take.